IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD DAVIS, individually, Residing in Chicago, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 09 C 3381 |
| CLEAR CHANNEL COMMUNICATIONS, a Texas corporation doing business in Chicago; WVON 1690 AM aka MIDWAY BROADCASTING CORPORATION, a Delaware corporation doing business in Chicago; and CHARLES BUTLER AND JANE DOE BUTLER, and their marital community, residing in Chicago. | ) ) ) ) ) ) ) ) ) ) | Judge Der-Yeghiayan Magistrate Judge Cox |
| Defendants. | ) | |

## **MOTION TO DISMISS**

NOW COMES the Defendants, MIDWAY BROADCASTING CORPORATION and CHARLES BUTLER by and through their attorneys, COCHRAN, CHERRY, GIVENS, SMITH, & MONTGOMERY, LLC, and for their Motion to Dismiss state as follows:

**The Complaint Should Be Dismissed Under 12(b)(1) for Lack of Subject Matter Jurisdiction**

1. On June 4, 2009, Plaintiff HAROLD DAVIS filed a Complaint in the United States District Court for the Northern District of Illinois stating claims for defamation, false light, "torte of outrage," and "economic harm."

2. Under Fed. Rule Civ. Pro. 12(b)(1) a court must dismiss a case when there is a lack of subject matter jurisdiction.

1

3. In Paragraph 8 of his Complaint, Plaintiff argues that this Court has subject matter jurisdiction based on diversity.

4. Plaintiff states that he resides in Chicago, Illinois.

5. Plaintiff states that Defendant CHARLES BUTLER resides in Chicago, Illinois.

6. Federal diversity jurisdiction is only present where diversity is complete, that is, only if no plaintiff and no defendant are citizens of the same state. *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (U.S., 1998).

7. On the very face of Plaintiff's Complaint there is no diversity jurisdiction due to the fact that Plaintiff resides in Illinois and Defendant CHARLES BUTLER resides in Illinois.

8. In Paragraph 5 of Plaintiff's Complaint he also appears to argue that this Court has subject matter jurisdiction due to the presence of a federal question. Plaintiff appears to assert that there is a federal question because CLEAR CHANNEL COMMUNICATIONS and WVON 1690 AM have a federal broadcasting license and as such are regulated by the Federal Communications Commission.

9. Actions of a licensed radio station do not present federal questions simply because stations are federally regulated. None of the claims in this case present a federal question. Defamation and false light, being the only clearly recognizable claims in the Complaint are clearly claims based on state, not federal, law. The other claims, if liberally construed to form a valid cause of action, also appear to be based on state law.

10. There is long settled Supreme Court authority that traditional common-law claims do not lose their character because there is a scheme of federal regulation relating to the subject matter of the claim. *Pan Am. Petroleum Corp. v. Superior Court of Del. In and For New Castle County*, 366 U.S. 656, 663 (1961).

11. This is not the first time a federal district court has had to address whether the existence of FCC regulation grants a federal court subject matter jurisdiction to hear a defamation claim. In *Buice v. Buford Broadcasting, Inc., d/b/a WDYX AM and WGCO FM*, the defendant, who was trying to remove a libel case to federal court, made the same argument. 553 F.Supp. 388, 390 (N.D. Ga., 1983). In granting the plaintiff's motion to remand, the court stated,

> There has been absolutely no showing by the defendants that the matter currently before this court involves any claims arising under federal law. Were this court to accept the defendants' wholly untenable position in this case, it would result in exclusive federal jurisdiction over every libel claim against an FCC-regulated carrier, and indeed would be tantamount to federalizing every common-law contract or tort claim impacted to even the slightest degree by the ever-increasing presence of wide-ranging federal regulation and legislation.

*Id.* at 391.

12. Since the fact that some of the defendants are regulated by the FCC does not turn a state law tort into a federal claim, there is clearly no federal question subject matter jurisdiction.

13. Accordingly, this Court does not have subject matter jurisdiction under either diversity or a federal question and this lawsuit should be dismissed under Fed. Rule. Civ. Pro. 12(b)(1).

## Count 3 Should Be Dismissed Under 12(b)(6)

14. Even if this Court were to determine that it has subject matter jurisdiction over this case, Count 3 should be dismissed for failure to state a claim upon which relief can be granted.

15. Under Fed. Rule. Civ. Pro. 12(b)(6), a claim should be dismissed if the plaintiff fails to state a claim upon which relief can be granted.

16. For his third cause of action, Plaintiff alleges "Economic Harm."

17. Illinois and federal law do not recognize a cause of action for "Economic Harm" as opposed to economic harm being a component of damages.

4

18. Therefore, this Court should dismiss Plaintiff's third cause of action under 12(b)(6) because it fails to state a claim upon which relief can be granted.

WHEREFORE, the Defendants MIDWAY BROADCASTING CORPORATION and CHARLES BUTLER pray that this Court dismiss the Complaint under Fed. Rule Civ. Pro. 12(b)(1) for lack of subject matter jurisdiction or in the alternative dismiss Plaintiff's Third Cause of Action under 12(b)(6) for failure to state a claim upon which relief can be granted.

                    Respectfully Submitted,

                    /s/JAMES D. MONTGOMERY, JR.
                    One of Plaintiff's Attorneys

James D. Montgomery Jr.
Cochran, Cherry, Givens, Smith & Montgomery, LLC
One North LaSalle Street, Suite 2450
Chicago, Illinois 60602
(312) 977-0200 phone
(312) 977-0209 fax